IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRANDY MARIE SANDOVAL**,<br><br>  Plaintiff,<br><br>  v.<br><br>**DOUGLAS COUNTY JAIL and STAFF; DEPUTY POE, DEPUTY CHILDERS, DEPUTY DWIGHT, DEPUTY EGGLESTON, OBSBORNE, DEPUTY PIERCE, MCIRVIN, DEPUTY KELLY, SARGEANT TURNER, CCS-CORRECT CARE SOLUTIONS, and TRACY from CCS**,<br><br>  Defendants. | Case No. 6:19-cv-710-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Youlee Yim You issued Findings and Recommendations in this case on August 23, 2021. ECF 107. Judge You recommended that the Court grant the remaining individually-named Defendants' Motion for Summary Judgment (ECF 63).[1]

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §

---

[1] Defendants Poe, Dwight, Eggleston, Osborne, Pierce, McIrvin, Wade, Kelley, and Turner filed the Motion for Summary Judgment at issue here. Defendants Douglas County Jail, Correct Care Solutions, and "Tracy from CCS," i.e., Tracy Simpson, were previously dismissed from the case. ECF 7 (order dismissing claims against Douglas County Jail). ECF 105 (order granting Defendants Tracy Simpson's (Tracy from CCS) and Correct Care Solutions' (CCS) motion for summary judgment).

PAGE 1 – ORDER

636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff, proceeding *pro se*, timely filed an objection. ECF 110. Plaintiff objects that Defendants—both those that remain and those previously dismissed—mistreated her during her incarceration at the Douglas County Jail (the Jail). Specifically, Plaintiff reiterates that she is entitled to relief based on (1) an incident in April 2018 in which she was assaulted by another inmate and Defendant Dwight failed to follow up on a promise to assist Plaintiff in pressing charges against that inmate, (2) an October 1, 2018, incident involving toothpaste, (3) an October 15, 2018, incident in which Plaintiff refused to attend her court appearance, and (4) various issues with her medical treatment at the Jail.

PAGE 2 – ORDER

The Court has reviewed *de novo* those portions of Judge You's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' response. First, the Court agrees with Judge You's reasoning and conclusion that Plaintiff fails to allege a Fourteenth Amendment claim for failure to protect with respect to the April 2018 incident and fails to explain how Defendant Dwight's failure to help her press charges constitutes a Fourteenth Amendment violation. Second, the Court agrees with Judge You's analysis that Defendants' use of force in the incident involving toothpaste was objectively reasonable. Third, the Court agrees with Judge You's finding that Defendants' use of force in getting Plaintiff to her court appearance was not objectively unreasonable. Fourth, the Court agrees with Judge You that any claim Plaintiff makes for denial of medical treatment lacks merit for the reasons discussed in the previous Findings and Recommendation (ECF 103), adopted by this Court's Order of July 15, 2021. ECF 105.

For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 107. The Court **GRANTS** Defendants' Motion for Summary Judgment, ECF 63. This case is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER